24-490 Ripple Analytics v. People Center v. People Center, Inc Thank you, Your Honors. I'd just like to address a few points. On the unfair competition, it wasn't addressed by the lower court or appellee here that, you know, there is an implied licensee. The case law supports that you can be an implied licensee, that you don't have to have an express formal agreement. Okay, but you haven't told us what circumstances here give rise to an inference of mutual assents and the other aspects of contract formation. So that hasn't been done, right? Or where would you say that you've done that? In the proposed amended complaint for the implied licensee, we said that it was that Mr. Pusey gave exclusive use of the mark to... But we don't know, for example, if a contract could deprive a licensee of the right to sue at all, right? We don't know any of the contours. It could, but there's cases that we cited, and I think it's clear that Mr. Pusey, who has been directing the litigation and instituted from the beginning, gave consent to Ripple Analytics to bring the sue, and that has been found to be sufficient. And the contract was between Mr. Pusey and Ripple Analytics, and it really shouldn't form the basis for finding that here, particularly when he's been doing it. And if we go back to the trademark infringement claim, you know, Ripple Analytics was the registrant with the USPTO at the time of the filing. It was the predecessor and interest after the assignment was done. There is a significant authority that was ignored by the lower court that you cannot separate the use from the trademark, and the trademark rights will come from the commercial use. It's clear that Ripple's been using it in commercial, and therefore it does have a commercial interest, and that needs to be protected under the Lanham Act as unfair competition. And at the end of the day, it doesn't form the practical realities that Rule 17 was formed for because, as appellate conceded, Mr. Pusey would just have to file a new action, start over again, and during the pre-motion conference, they were specifically asked what other discovery would you have to do, and there was no answer because they deposed Mr. Pusey as the corporate representative and individually for two days. If there's no further questions, I see my time has ended. Thank you, counsel. Thank you. We'll take the case under advisory. The next argument...